UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARCUS D. MIMS,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3. Plaintiff, MARCUS D. MIMS, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC ("Mercantile") is a limited liability company formed under the laws of the State of

New York and citizen of the State of New York with its principal place of business at Suite 100, 165 Lawrence Bell Drive, Williamsville, New York 14221.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff defaulted on a retail installment sales contract for an automobile which he used for his own personal and family purposes.

11. On or about April 6, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, attached as Exhibit "A".

12. Plaintiff received it shortly thereafter.

13. Defendant's letter offers to resolve the account in full for $7,262.57 provided the money is received no later than April 28, 2016.

14. The letter states the current balance of the alleged debt is $14,240.35 and that "[u]pon clearance of your payment(s), the account will be resolved in full."

15. The representation of full resolution of the account is false and misleading because the federal law regulating credit reporting of consumer debts, the Fair Credit Reporting Act, requires debts settled for less than the full amount of the debt be reported not as "paid in full" but as "settled for less than the balance due," a derogatory status which results in a lower credit rating for the consumer than debts that are paid in full.

16. The letter omits important disclosures: that regarding debts settled for less than the full amount due, the creditor, Defendant's client, is required by federal tax regulations to report the difference, in this case, $7,262.57, to the Internal Revenue Service as income to the consumer.

17. As a large, experienced consumer debt collector Defendant is aware of the foregoing credit and tax reporting requirements of federal law and chose to mislead Plaintiff by misrepresentation and omission in order to earn a commission for itself.

18. The letter states that "[f]ailure to comply with the proposed conditions will make this offer null and void".

19. This statement is misleading to the least sophisticated consumer because it does not fully explain its true meaning and Defendant's true intention: that if the payment is received *after* April 28, 2016, Defendant will keep the $7,262.57 and Plaintiff will be liable for the full balance of $14,240.35 thereby depriving Plaintiff of the benefit of the purported settlement.

## COUNT I
## MISLEADING AND DECEPTIVE REPRESENTATIONS MADE TO COLLECT A DEBT

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant's letter uses misleading and deceptive representations in an effort to collect a consumer debt in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                    DONALD A. YARBROUGH, ESQ.
                                    Attorney for Plaintiff

Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
   Donald A. Yarbrough, Esq.
   Florida Bar No. 0158658

5